**TMC HEALTHCARE, an Arizona corporation, Plaintiff— Appellant,**

v.

**TRUCK INSURANCE EXCHANGE, a California insurance corporation, Defendant—Appellee.**

**Nos. 00–17500, 01–16068.**
**D.C. No. CV–98–00535–RCC.**

United States Court of Appeals, Ninth Circuit.

Argued April 9, 2002.

Decided Jan. 6, 2003.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GOODWIN, THOMAS and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

TMC HealthCare ("TMC") appeals the district court's order granting summary judgment to Truck Insurance Exchange ("Truck") on TMC's bad faith tort claims, the district court's order excluding evidence at trial of the breach of contract claim, and the district court's denial of TMC's motion for judgment as a matter of law. We affirm in part and reverse in part. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

In this case, the district court granted summary judgment as to TMC's bad faith tort claim, a decision that we review de novo. *Nodine v. Shiley, Inc.*, 240 F.3d 1149, 1152 (9th Cir.2001). In considering the propriety of summary judgment, we "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

TMC alleges that Truck violated its duty of good faith in denying its request

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for reimbursement. Under Arizona law, "[t]he tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mutual Ins. Co.*, 196 Ariz. 234, 995 P.2d 276, 279 (2000). "While an insurer may challenge claims which are fairly debatable, its belief in fair debatability is a question of fact to be determined by the jury." *Id.* "While fair debatability is a necessary condition to avoid a claim of bad faith, it is not a sufficient condition. The appropriate inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Id.* at 280.

Here, viewing the evidence in the light most favorable to TMC, there was "sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Id.* Specifically, TMC tendered evidence of Truck's "Protocol Unpaid Hospital Bills" ("Protocol"), which addressed the circumstances under which Truck would reimburse its insureds for unpaid hospital bills. Viewed in the light most favorable to TMC, the Protocol could indicate that Truck's denial of coverage was contrary to its operative internal guidelines, which Truck's expert admitted Truck had an obligation to consider in its coverage decision. The Protocol created a sufficient genuine issue of material fact to preclude summary judgment on TMC's tort claim.

■ Given the jury's subsequent verdict in Truck's favor on TMC's breach of contract claim, we must also consider whether the district court's grant of summary judg-

ment constituted harmless error. However, under Arizona law, "breach of an express covenant of an insurance policy is not a necessary prerequisite to a tort claim based on bad faith." *Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 838 P.2d 1265, 1266 (1992).

II

■ TMC argues that the district court erred in excluding evidence at trial of the Protocol. The district court excluded the evidence because: (1) it was not relevant and (2) any probative value of the evidence would be outweighed by its prejudicial effect under Fed.R.Evid. 403.

We examine a district court's evidentiary rulings under the deferential abuse of discretion standard of review. *Duran v. City of Maywood*, 221 F.3d 1127, 1129 (9th Cir.2000). "A district court abuses its discretion if it 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 730 (9th Cir.1999). However, "[r]eversal will not be granted unless prejudice is shown." *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir.1995). We also recognize that "[t]he district court has considerable latitude in performing the Rule 403 balancing test" and that we "will not reengage in a balancing of the probative value and prejudicial effect." *Rogers v. Raymark Ind., Inc.*, 922 F.2d 1426, 1430 (9th Cir.1991).

Given the factual circumstances of this case, the district court did not abuse its discretion. Although the Protocol was arguably relevant to coverage, coverage was not an issue at trial. The Protocol was irrelevant to question of timely notice by TMC to Truck, which was the primary trial issue. We also find no reversible

error in the district court's alternative ruling under Fed.R.Evid. 403.

## III

We review the denial of a motion for judgment as a matter of law *de novo*. *Mockler v. Multnomah County*, 140 F.3d 808, 815 n. 8 (9th Cir.1998). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion and that conclusion is contrary to that reached by the jury." *Id.* (internal quotations omitted). The jury's verdict must be affirmed if it is supported by substantial evidence. *Id.* "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir.1999) (internal quotations omitted).

Neither party contests the jury instructions given by the district court as to the applicable law. Relevant to TMC's argument, the district court instructed the jury that under Arizona law an insurer is not relieved of its obligations under a policy based on the insured's failure to comply with policy conditions unless the insurer was substantially prejudiced by that failure. *Holt v. Utica Mut. Ins. Co.*, 157 Ariz. 477, 759 P.2d 623, 627 (1988).

TMC argues that there was no evidence from which the jury could find substantial prejudice. "Whether an insurer has suffered substantial prejudice is a question for the trier of fact, which not be disturbed ... unless it is clearly erroneous." *Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 943 P.2d 793, 802 (1997). Truck provided testimony that it was prejudiced by TMC's failure to give timely notice because it would have interceded with the patient's family and with the family's insurer, but lost the opportunity to do so due to lack of notice. From this testimony and from letters from the insurer introduced at trial indicating that it would extend coverage, the jury could have reasonably concluded that Truck might have had some success in reducing the expense to TMC and Truck. Thus, although the evidence on prejudice is not particularly strong, we cannot say that the jury's conclusion was clearly erroneous.

## IV

We reverse the grant of summary judgment on TMC's bad faith claim. We affirm the judgment against TMC on its breach of contract claim. We remand for further proceedings. Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART.**